IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVE MELMON and MARK BUSH
for himself and as Father and next Friend;
G.B., a minor; and R.B., a minor,

      Plaintiffs,

v.          No. CIV 10-1122 WDS/RHS

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, a foreign corporation
doing business in New Mexico, CAROL ANDERSON;
JUDITH ANN SHACKLEFORD, and DOES 1-10,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion *in Limine* to Admit Evidence of Plaintiff's Comparative Fault. [Doc. 39, 40]  Plaintiff filed a Response [Doc. 47], and Defendants filed a Reply. [Doc. 48].  Being fully advised in the premises, the Court finds that the motion is not well taken and will be DENIED.

### BACKGROUND

This lawsuit arises from an automobile accident involving Plaintiff Eve Melmon, who was the unrestrained driver of one of the vehicles involved.  In the course of the accident Plaintiff's vehicle rolled over and she was ejected.  The basis for Defendants' motion is that Plaintiff's failure to wear a seatbelt is common law negligence that resulted in Plaintiff sustaining more severe injuries during the accident than she would have sustained had she been wearing a seatbelt.  Defendants' theory is commonly referred to as the "seat belt defense."  Defendants ask the Court to permit them to enter evidence of Plaintiff's failure to wear her seat belt to prove Plaintiff's comparative fault and

comparative injury causation.

## ANALYSIS

Because this case arises under the federal court's diversity jurisdiction, the law governing Plaintiffs' case is the law that would be applied if the case had been brought in a New Mexico state court. *See Butt v. Bank of Am.*, N.A., 477 F.3d 1171, 1179 (10th Cir. 2007). Accordingly, the Court must determine the status of the seatbelt defense in New Mexico. A survey of the seatbelt defense in New Mexico starts with *Salgado v. Commercial Warehouse Co.,* 88 N.M. 579, 544 P.2d 719 (Ct. App. 1975)(*reh'g denied*). In that case the New Mexico Court of Appeals stated "We can find no authority, statutory or otherwise, which imposes a duty upon the operator of a motor vehicle to fasten a seat belt." The court further stated that the "public policy of a state fixing a statutory duty to fasten a seat belt rests with the legislature." Id. at 582.

In 1984 the Court of Appeals extended state common law to include a duty to wear seat belts. *Thomas v. Henson,* 102 N.M. 417, 696 P.2d 1010 (Ct.App. 1984). However, that ruling was overturned by the New Mexico Supreme Court in *Thomas v. Henson,* 102 N.M. 326, 327, 695 P.2d 476 (1985). The Supreme Court reversed that part of the Court of Appeals' opinion that created a seat belt defense, stating "[W]e believe that the creation of a 'seat belt defense' is a matter for the Legislature, not for the judiciary." *Thomas v. Henson,* 101 N.M. at 327. Subsequently, the New Mexico legislature enacted the Safety Belt Use Act, NMSA 1978 66-7-370 to 66-7-373 (Supp. 1990). Section 66-7-373B of the act states: Failure to be secured by a child passenger restraint device or by a safety belt as required by the Safety Belt Use Act shall not in any instance constitute fault or negligence and shall not limit or apportion damages.

Accordingly, in this case the Court is bound both by the Seat Belt Use Act, as well as by the

New Mexico Supreme Court's pronouncement that the creation of a seat belt defense is a matter for the legislature, not for the judiciary. The Court finds no basis for concluding that evidence of Plaintiff's failure to use her seat belt would have been found admissible if this matter had been brought in New Mexico state court. Defendants' Motion *in Limine* is not well taken.

## CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* to Admit Evidence of Plaintiff's Comparative Fault. [Doc. 39, 40] is hereby denied.

**IS IT SO ORDERED.**

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**